Adam Strychaluk
Attorney, Civil Rights Litigation
astrychaluk@liakaslaw.com
P: (212) 937-7765
F: (877) 380-9432

Liakaslaw.com
40 Wall Street
50th Floor
New York, NY 10005



July 21, 2025

**<u>Via ECF</u>**

Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York

    Re:    *Mayo v. City of New York*, No. 25 Civ. 3303 (NCM) (PK)
                 Limited pre-answer discovery to identify Doe Defendants

Your Honor:

    This firm represents Plaintiff Giovonnie Mayo, who sustained permanent brain injuries when NYPD officers purposefully hit him with a police car in Brooklyn on May 26, 2024. In the 44 days immediately following this tragedy—while Mr. Mayo lay hooked to a ventilator and recovering from emergency brain surgery—the NYPD handcuffed and shackled Mr. Mayo to his hospital bed on the self-evident fiction that he was a flight risk while refusing to perform a bedside arraignment, indict him, or take any other action to render this prolonged detention anything other than transparently unlawful.

    Mr. Mayo knows the identities of the officers who hit him with their police car. He does not know the identities of the NYPD officials who ordered that he be detained, constantly restrained, and continuously surveilled for 44 days ("Supervisor Does #1-10," Compl. ¶¶ 39-41). Nor does he know the identities of the officers who effected these orders ("Officer Does #1-30," *id.* ¶¶ 36-38). We write under Rule VI(A) of the Court's Individual Rules to request a pre-motion conference to discuss Mr. Mayo's need for limited expedited discovery to identify these Doe Defendants—specifically, his need for prompt answers to the three interrogatories enclosed here as Exhibit 1, which we ask the Court order the City to answer by August 21, three days before the statute of limitations for Mr. Mayo's state law claims expires on August 24, G.M.U. § 50(i)(1)(c).

***

    Plaintiff filed this action on June 12, 2025, and served the City on June 17. Dkts. 1 & 7. On July 7, the City requested Plaintiff consent to a 60-day extension of its time to answer, and Plaintiff consented to an unconditional one-week extension and conditioned consent to a 60-day extension on the City's agreement to answer the interrogatories enclosed as Exhibit 1 by August 22. Dkt. 14 at 5. The City did not agree to this condition and asked the Court to extend its July 8 answer deadline to September 8 later that day. Dkt. 14. The next day, the Court granted that request and directed the City to "attempt to identify all the 'Doe' defendants expeditiously and as soon as possible." Dkt. 14--. The next day, the parties productively conferred regarding expediting Doe discovery and agreed that the City would determine whether it could commit to identifying the Does before August 24 by July 16. The City could not commit to doing so, and this letter followed.

***

Rule 26(d)(1) prohibits parties from commencing discovery before a Rule 26(f) conference absent a court order, while Rule 26(d)(3) permits a court, on motion, to issue any order "for the parties' and witnesses' convenience and in the interests of justice" allowing "methods of discovery . . . [to] be used in any sequence[.]" Courts in this circuit apply a "flexible standard of reasonableness and good cause" when considering motions for out-of-sequence or expedited discovery. *Strike 3 Holdings, LLC v. Doe*, No. 20 Civ. 4501 (WFK), 2021 WL 535218, at *1 (E.D.N.Y. Feb. 12, 2021) (collecting cases). The specificity and proportionality of the requests, the availability of alternative means of obtaining the requested information, the diligence of the requesting party, and the parties' relative prejudices are focal points of this analysis. *Id*.

The narrowly tailored pre-answer discovery Plaintiff seeks here—limited to identities and service addresses—is necessary to ensure the timeliness of Plaintiff's state law claims against the Doe Defendants and cure the prejudice to Plaintiff caused by the City's unlawful refusals to fully respond Plaintiff's pre-suit FOIL requests to its NYPD[1] and delay in assigning counsel to this case.[2] This prejudice is compounded by uncertainties surrounding the application of the relevant relation-back doctrines.[3] Nothing weighs against these considerations on the other side of the ledger. Expediting discovery here does not prejudice the City; to the contrary, acquiring the Does' identities would assist the City in resolving representation under G.M.U. § 50-k and conducting the preliminary investigation necessary to formulate its answer. It would also promote judicial efficiency, by permitting the parties to develop an improved proposed discovery schedule during their Rule 26(f) conference and obviating any potential motion practice regarding relation-back.

In light of Plaintiff's diligence in attempting to identify the Doe Defendants pre-suit and the City's unclean hands in thwarting those efforts, it would be fundamentally unfair to require he make the showing of good cause necessary to trigger relation back under CPLR § 1024, or to make his otherwise certainly timely claims contingent on the uncertainties of CPLR § 203 or Rule 15(c)(1)(C). The Court should follow others that have granted similar requests to ensure Doe officers are timely identified and added. *See, e.g., Reinhardt v. City of Buffalo*, No. 21 Civ. 206 (GWC), 2021 WL 3174018, at *2—*3 (W.D.N.Y. June 7, 2021) (granting plaintiffs' request for expedited discovery to identify Doe officers where plaintiffs diligently pursued this information through FOIL on grounds that doing otherwise would "skip[] over City Defendants' apparently central role in gatekeeping and delaying Plaintiffs' access to the requested information"); *Singh v. Petro*, No. 21 Civ. 813 (LJV), 2025 WL 885594, at *10 (W.D.N.Y. Mar. 21, 2025) (finding that the plaintiff's "request for expedited discovery regarding the names of the John Doe officers is both reasonable and supported by good cause" since he "exhausted all alternative methods to identify the John Doe officers, includ[ing] Freedom of Information Law requests" (cleaned up)).

---

[1] Plaintiff has challenged the NYPD's denials of three of his relevant FOIL requests in an Article 78 proceeding pending in New York County Supreme Court.

[2] Plaintiff's request is for out-of-sequence discovery largely because of the City's 29-day delay in assigning counsel to this case, which formed the principal basis for the City's request for an enlargement of time. *See* Dkt. 14 at 1. Had the City answered on July 8, the parties would have conferred "as soon as practicable," Fed. R. Civ. P. 26(f); Plaintiff would have served his interrogatories immediately following that conference, *id*. at (d)(1); and the City's deadline to answer to the same would have come due before August 24 in the ordinary sequence, Fed. R. Civ. P. 33(b)(2).

[3] C.P.L.R. § 1024—New York's Doe-specific doctrine—requires that Doe defendants be served within 120 days of filing, and Plaintiff is unlikely to prove able to secure the Doe Defendants' identities in time to effect service within this period in the regular course of discovery, which would require he make a showing of good cause or the interests of justice to show relation back. Dkt. 14--; *Bumpus v. New York City Tr. Auth.*, 66 A.D.3d 26, 31—32 (N.Y. App. Div. 2009). Likewise, application of C.P.L.R. § 203—the state's catch-all doctrine—is somewhat less straightforward than one might reasonably hope, as Senior Judge Weinstein capably catalogued in *DaCosta v. City of New York*, 296 F. Supp. 3d 569, 584—90 (E.D.N.Y. 2017); *see also id*. at 590—95 (discussing similar uncertainties surrounding Rule 15(c)(1)(C)).

2

*City's Position*

The Court should deny plaintiff's second request for premature discovery. As part of the City's request for additional time to respond to the Complaint, plaintiff conditioned his consent on the City's agreement to provide pre-answer discovery. The Court granted the City's request for an extension of time, and, in response to plaintiff's request, directed the City to "attempt to identify all the 'Doe' defendants expeditiously and as soon as possible." Docket entry dated July 8, 2025. Now, plaintiff again requests the very same relief, this time with unfounded accusations against the City.

The City is not, as plaintiff's counsel alleges, "thwarting . . . efforts" and "acting with unclean hands." To the contrary, counsel for the City has been responsive to plaintiff's concerns and is diligently and actively engaged in efforts to identify the Doe defendants. However, to be clear, plaintiff is responsible for the limited time between his filing of the complaint and the limitations deadline. The date of incident in the case is May 26, 2024. Current counsel served a notice of claim on plaintiff's behalf in August 2024. Current counsel then represented plaintiff at his 50-H hearing on January 9, 2025. Plaintiff did not file the complaint in this matter, however, until June 12, 2025, and failed to provide the City with a NYCPL §160.50 release at that time, which is the standard practice in cases where criminal records have been sealed. *See, e.g.*, *Hafif v. Mansour*, No. 22 CV 1199 (LDH)(RML), 2024 U.S. Dist. LEXIS 245494, at *6 (E.D.N.Y. Jan. 2, 2024).

Accordingly, on July 7, 2025, counsel for the City requested a § 160.50 release and advised plaintiff's counsel that once she received the § 160.50 release and obtains the relevant documents, to the extent she learns the requested identities, she would promptly provide the information. Plaintiff's counsel provided the release on the afternoon of July 8. Plaintiff's § 160.50 release (along with the Court's July 8, 2025 Order) was thereafter promptly sent to the NYPD for processing. Further, counsel for the City is reviewing NYPD documents upon receipt and is otherwise complying with the Court's July 8, 2025 Order. Given (1) it has been 9 business days since plaintiff's counsel provided the § 160.50 release necessary to access plaintiff's sealed records; (2) the Court has already ordered the City to "attempt to identify all the 'Doe' defendants expeditiously and as soon as possible"; and (3) the City is actively complying with the Court's order, plaintiff's second request for expedited discovery is both premature and unnecessary.

\*\*\*

We thank the Court for its time and attention to this matter.

Respectfully submitted,

s/

Adam Strychaluk

Encl.   Ex. 1 – Plaintiff's Proposed Pre-Answer Interrogatories to City

CC:   Sandra Bober, Senior Counsel (by ECF)
   New York City Law Department
   *Attorney for City of New York*

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIOVONNIE MAYO,<br><br>     Plaintiff,<br><br> -against-<br><br>CITY OF NEW YORK; LEVA GEVARGIZ; JOSEPH BURCKHARD; FERDI MEMEDOSKI; KONTI MARKVUKAJ; JOHN CHELL; NYPD Members of Service SUPERVISOR DOES #1-10; and NYPD Members of Service OFFICER DOES #1-30,<br><br>     Defendants. | No. 25 Civ. 3303 (NCM) (PK)<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF NEW YORK (PRE-ANSWER; LIMITED TO DOE DISCOVERY)**<br><br>**[PROPOSED]** |

  Plaintiff Giovonnie Mayo hereby requests, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that Defendant City of New York answer these interrogatories within thirty days of service.

## DEFINITIONS

  Plaintiff hereby incorporates the Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules in addition to the following definitions:

  **You**: The term "you" means Defendant City of New York or anyone acting on its behalf, including attorneys.

  **NYPD:** The term "NYPD" means the New York City Police Department.

  **Brookdale Hospital:** The term "Brookdale Hospital" means One Brooklyn Health-Brookdale University Hospital Medical Center, located at 1 Brookdale Plaza, Brooklyn, New York 11212.

  **Detained:** The term "detained" means held in custody, confined, or otherwise made not free to leave.

  **Restrained:** The term "restrained" means handcuffed, shackled, or otherwise placed in restraints or prevented from exercising full range of movement.

**Kept Under Surveillance:** The term "kept under surveillance" means closely observed or otherwise monitored, and encompasses actions undertaken to report or convey observations made or information gleaned in the course of monitoring.

**Ratified:** The term "ratified" means authorized, approved, retroactively authorized or approved, condoned, rewarded, or otherwise adopted a policy of inaction toward. This term should be afforded the broadest possible construction, and you may refer to the Second Circuit opinions employing this term in the context of *Monell* claims for additional clarity to the extent your reliance on the same is not narrower than the definition provided above. *See, e.g., Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004).

## INSTRUCTIONS

1. If, in responding to these interrogatories, you are unable to answer fully after exercising due diligence to obtain the information necessary to do so, answer these interrogatories to the fullest extent possible while specifying your inability to answer the remainder, and describe in detail the efforts taken by you to obtain the information required to fully answer, the nature of any continuing efforts to obtain said information, and by whom any such efforts were or are being made.

2. If, in responding to these interrogatories, you state in whole or in part that "I do not know," "unknown," or otherwise indicate any similar lack of knowledge, describe in detail the efforts taken by you to obtain the information required to answer, the nature of any continuing efforts to obtain said information, and by whom any such efforts were or are being made.

3. If, in responding to these interrogatories, you claim any ambiguity in interpreting either the interrogatory or an instruction or definition applicable thereto, you may not utilize said claim of ambiguity as grounds for failing to respond. Rather, set forth in a part of your response to said interrogatory the language deemed to be ambiguous and the interpretation you choose or use in answering the interrogatory, and resolve questions

regarding the interpretation of said interrogatory in favor of the broadest possible construction.

4.  If, after responding to these interrogatories, you obtain information that will augment, clarify, or otherwise modify the responses you now give to these interrogatories, be aware that these interrogatories are continuing and you are obligated to supplement your responses and serve supplementary responses upon counsel for Plaintiff within thirty days of receipt of said information. Fed. R. Civ. P. 26(e).

## **INTERROGATORIES**

1.  Identify, by full name, job title, Tax ID, and service address, the NYPD members of service or other employees of the City of New York who detained Plaintiff, restrained Plaintiff, and/or kept Plaintiff under surveillance at Brookdale Hospital from approximately May 26, 2024 to approximately July 9, 2024.

2.  Identify, by full name, job title, Tax ID, and service address, the NYPD members of service or other employees of the City of New York who ordered that Plaintiff be detained, restrained, and/or kept under surveillance at Brookdale Hospital from approximately May 26, 2024 to approximately July 9, 2024.

3.  Identify, by full name, job title, Tax ID, and service address, the NYPD members of service or other employees of the City of New York who ratified any order to the effect that Plaintiff be detained, restrained, and/or kept under surveillance at Brookdale Hospital from approximately May 26, 2024 to approximately July 9, 2024.

Dated: New York, New York
     July ___, 2025

                    LIAKAS LAW, P.C.

                    Adam Strychaluk
                    *Attorney for Plaintiff*
                    astrychaluk@liakaslaw.com

TO:   Sandra Bober | Senior Counsel
      NEW YORK CITY LAW DEPARTMENT
      *Attorney for Defendant City of New York*
      sabober@law.nyc.gov