

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**SANDRA A. BOBER**
*Senior Counsel*
(212) 356-0827
sabober@law.nyc.gov

September 4, 2025

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Giovonnie Mayo v. City of New York, et. al.*, 25-cv-03303 (NCM) (PK)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, representing defendant City of New York in the above-referenced matter. By way of brief background, plaintiff initiated this action on June 12, 2025, asserting state and federal claims against defendants the City, Chief of Department John Chell, Sergeant Joseph Burckhard, and Detectives Leva Gevargiz, Ferdi Memedoski, and Konti Markvukaj, and multiple unnamed NYPD supervisors and officers for, *inter alia*, excessive force, false arrest, unconstitutional conditions of confinement, fabrication of evidence, disability discrimination, and conspiracy. *See* DE 1. I write to inform the Court that it has recently come to my attention that the New York City Police Department Internal Affairs Bureau has an open investigation regarding the incident underlying the complaint. Therefore, for the reasons set forth below, defendant City respectfully requests that the Court (1) stay this action pending resolution of the IAB investigation; and (2) in light of this proposed stay, adjourn the initial conference presently scheduled for October 9, 2025 at 10 a.m. Plaintiff does not consent to this request; his counsel stated as follows in response to a request for the reasons for not consenting: "Plaintiff opposes Corporation Counsel's application and will submit an opposition detailing his objections within 24 hours."

      Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). This includes authority to stay a civil action pending the outcome of a related proceeding. *See Kashi*, 790 F.2d at 1057 ("[A] court may decide in its discretion to

stay civil proceedings . . . when the interests of justice seem . . . to require such action."); *see also Cheikhaoui v. City of N.Y.*, No. 22 Civ 08855 (CM), 2023 U.S. Dist. LEXIS 160287, at *10 (S.D.N.Y. Sep. 11, 2023) (granting 90-day stay pending resolution of an District Attorney's Office investigation into underlying allegations). Courts in this Circuit have repeatedly stayed civil cases pending open investigations by IAB and CCRB. *See, e.g.*, *Felix v. City of New York*, No. 16 Civ. 5845 (AJN), 2016 U.S. Dist. LEXIS 120000 (S.D.N.Y. Sept. 6, 2016); *Troy Jones v. City of New York*, No. 14-CV-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014); *Debra Constantino v. City of New York*, No. 13-CV-4175 (PKC) (LB) (E.D.N.Y. November 27, 2013).

There are several reasons why this matter should be stayed pending the outcome of the IAB investigation. First, this Office may be unable to assume representation of the individual defendants until the investigation has concluded and a disposition has been rendered. *See Mercurio v. The City of New York*, 758 F.2d 862, 864-65 (2d Cir. 1985) ("The Corporation Counsel may represent individual defendants in such matters, if he determines that no violation of any rule or regulation of the employing city agency has occurred, or if disciplinary proceedings resulted in the exoneration of the employee.") (citing N.Y. Gen. Mun. Law § 50-k(2)).

Second, if this Office assumes representation of an officer and it later turns out that the officer was ineligible for representation because, for instance, the investigation results in a finding that there was some violation of an agency rule or regulation, this Office's representation of both the City and the individual officer could give rise to a conflict of interest. *See, e.g.*, *Troy Jones v. City of New York*, No. 14-CV-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014); *Debra Constantino v. City of New York*, No. 13-CV-4175 (PKC) (LB) (E.D.N.Y. November 27, 2013). Indeed, if this Office assumes representation of an officer before the NYPD's proceedings are complete, but it later turns out that the officer was ineligible for representation, the undersigned, and the entire Special Federal Litigation Division, may be conflicted off of the case. This result would cause a significant and undue expenditure of time and resources. For this same reason, this Office should not interview the officers in question, as is required under GML § 50-k, to determine their eligibility for representation, until the NYPD proceedings are complete. If any officer becomes ineligible, and the undersigned has already spoken to him or her about the underlying incident, then serious conflict issues will increase the costs and length of this litigation. As such, a stay of this matter will save resources and reduce the risk that conflicts will arise later in the litigation.

Third, information and documents generated by NYPD in connection with the investigation will be unavailable to the parties during the pendency of the investigation as they are protected from disclosure by the law enforcement privilege which was created to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *National Congress for Puerto Rican Rights v. City of New York*, No. 99 Civ. 1695 (SAS), 2000 U.S. Dist. LEXIS 4448, *5–6 (S.D.N.Y. April 7, 2000), (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted)). Thus, information that may only be found in the IAB investigation file will not be available for review to respond to the complaint or assess the case until after the investigation is completed.

From a practical perspective, should a stay be denied and this action proceeds concurrently with the IAB investigation, the parties will spend significant resources duplicating the efforts currently being undertaken by the IAB. When this investigation is concluded, the relevant information already will have been compiled and summarized, which should allow the parties to

streamline paper and deposition discovery in this case. Defendant City can neither adequately evaluate the case, nor mount a defense in this action without first having access to this information. *See, e.g.*, *Heth & Jed Community Rockers v. City of New York*, No. 12-CV-1080 (S.D.N.Y.) (PAE), DE 6.

Alternatively, defendants respectfully request an enlargement of time, until October 8, 2025, within which to answer or otherwise respond to the complaint to allow this Office time to make representation determinations for the individual defendants.[1] This is the City's second request for an extension of time. Your Honor previously granted the City an additional 60 days, and its answer is currently due on Monday, September 8. The individual defendants request a *nunc pro tunc* enlargement of time—from July 11 until October 8 for defendant Chief of Department John Chell, and from July 15 until October 8 for defendants Sergeant Joseph Burckhard, and Detectives Leva Gevargiz, Ferdi Memedoski, and Konti Markvukaj—within which to respond to the complaint. *See* 7/8/2025 Docket Entry (Order defining "*sua sponte*" and denying the City's request that the Court consider extending the unrepresented defendants' time to answer the complaint, but advising that "[a]ny request for an extension of time (including *nunc pro tunc*) for these defendants to answer or otherwise respond to the Complaint may be made in compliance with [Your Honor's] Individual Practice Rules"). Plaintiff does not consent to this alternative request and, as noted above, plaintiff's counsel has advised that he will submit an opposition detailing plaintiff's objections within 24 hours.

Based on the foregoing, the City respectfully requests that the Court (1) stay the instant matter, and (2) adjourn the initial conference presently scheduled for October 9, 2025, pending the conclusion of the IAB investigation into the underlying incident. With the Court's approval, the undersigned is prepared to provide the Court with periodic updates as to the status of the investigation until it has been concluded. Alternatively, defendants respectfully request an enlargement of time, until October 8, 2025, within which to answer or otherwise respond to the complaint.

Thank you for your consideration of these requests.

Respectfully submitted,

cc:   By ECF
      All counsel of record

*/s/ Sandra A. Bober*
Sandra A. Bober
*Senior Counsel*

---

[1] This Office represents the individual defendants solely for the limited purpose of requesting additional time to respond to the complaint.